IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv388-MOC

| | |
|---|---|
| JOSEPH KLAKULAK and AMI JACKSON, On Behalf of Themselves and Others Similarly Situated,<br><br>Plaintiffs,<br><br>Vs.<br><br>AMERICAHOMEKEY, INC., et al.,<br><br>Defendants. | ORDER OF CONDITIONAL CLASS CERTIFICATION |

**THIS MATTER** is before the court on plaintiffs' Motion for Conditional Class Certification Under FLSA § 216(b) (#17). Also before the court is the Order of Judge Cayer (#31), in which he allowed Defendant Americahomekey, Inc., 14 days from January 19, 2012, to secure replacement counsel. Finally, having determined that the corporate defendant had failed to comply with Judge Cayer's Order, the court entered an Order to Show Cause (#39) requiring such defendant to show cause why it had failed to comply with the court's order and why conditional class certification should not be allowed. Within the time allowed, plaintiffs filed a response, but the corporate defendant filed no response.

Having carefully considered the Motion for Conditional Class Certification under FLSA § 216(b) (#17), the court finds that plaintiffs have shown that the putative class members were together the probable victims of a single decision, policy or plan. FLSA Section 216(b) permits a plaintiff to file a collective action, on behalf of himself and other employees similarly situated, to recover unpaid minimum and overtime wages, and liquidated damages from employers who violate FLSA Section 7. 29 U.S.C. § 216(b); Clark v. Wells Fargo Fin., Inc., 2008 WL 4787444, at *3-4 (M.D.N.C. Oct. 30, 2008). As the Supreme Court has explained, the FLSA's collective action mechanism serves the dual purpose of lowering litigation costs for individual plaintiffs, and

decreasing the burden on the courts through "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). "These benefits . . . depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id. Thus, the district court "has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id., at 170-71.

The named plaintiffs, who are from AHKI offices in different states, have brought forth substantial sworn allegations to meet the conditional class certification standard and which support the allegations as set forth in the Second Amended Complaint (#34).[1] More specifically, plaintiffs have presented evidence that AHKI's own written "Loan Origination Module" policy document confirms that the putative class of loan officers are similarly situated inasmuch as the Module establishes that: (1) AHKI pays all loan officers the same, on a commission only basis; (2) loan officers have the same job duties; and (3) loan officers are subject to the same policies and standards. The court will, therefore, conditionally certify and order notice be sent to the class.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion for Conditional Class Certification Under FLSA § 216(b) (#17) is **ALLOWED**, as follows:

1. conditional class certification regarding plaintiffs' claims under § 216(b) of the FLSA is **GRANTED** for the following classes of employees: all Loan Officers, Mortgage Bankers, Originators, Representatives, Account Executives and other like titles who are or were employed by AHKI from three years prior to the date of

---

[1] While the motion seeking certification was filed in conjunction with the First Amended Complaint, plaintiffs have shown in their response to the Show Cause Order that the addition of parties in the Second Amended Complaint does not impair the analysis. See Misc. Filing (#42).

issuance of notice and continuing to the present;

2. Plaintiffs Joseph Klakulak and Ami Jackson are **AUTHORIZED** to act as class representatives on behalf of former AHKI Loan Officers, and that Rowdy Meeks Legal Group LLC act as class counsel;

3. the notice and consent form attached to Plaintiffs' brief as Exhibits 7-8 is incorporated herein by reference and is **APPROVED**;

4. Plaintiffs shall disseminate notice to class members via first class mail and email;

5. AHKI shall post the notice to class members at each of AHKI's branches where Loan Officers work in an area readily and routinely available for review by employees;

6. Plaintiffs can post a notice, substantially similar to the notice approved herein, on a website at which class members can electronically submit a consent form substantially similar to the consent form approved herein; and

7. Defendants within fourteen (14) days shall provide to counsel for plaintiffs a list of all class members set forth in paragraph one (1) above with their names, last known addresses, dates of employment, job title, office location, phone numbers, last four digits of their Social Security numbers, and email addresses in an agreeable format for mailing. Counsel for plaintiffs may secure a full Social Security number from any plaintiff who consents to participate in this action. A **PROTECTIVE ORDER** is entered providing that such information disclosed by defendants may not be used for any purpose unrelated to this litigation.

```
Signed: March 1, 2012
```

Max O. Cogburn Jr.
United States District Judge