UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00388-MOC-DSC

| | | |
|---|---|---|
| **JOSEPH KLAKULAK, et al.,** | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **AMERICAHOMEKEY, INC., et al.,** | ) | |
| | ) | |
| Defendant(s). | ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Dismiss Defendant Kimberly Abbott and Patti Pate-Schnure. While that motion will be granted for good cause shown, the court still has concerns as to the remaining defendants Americahomekey, Inc., and Lane Terrell.

First, as to Americahomekey, Inc., Judge Cayer allowed counsel who had filed an Answer (#13) to the original Complaint to withdraw from representation of that defendant on January 19, 2012. Order (#31). In that Order, Judge Cayer advised Americahomekey, Inc., that it could not proceed in this court without counsel and allowed the corporate defendant 14 days to secure new counsel. Such Order was not complied with by Americahomekey. Noting such non-compliance, this court entered a Show Cause Order on February 24, 2012, giving Americahomekey notice of its failure to comply with the earlier Order, allowing it until February 29, 2012, to Show Cause. The court specifically warned such defendant that if it did not appear through counsel, conditional class certification would be entered and its Answer would be stricken and default entered. Despite the passage of more than a year and allowance of conditional class certification, Americahomekey has not responded in any manner. With no

1

other recourse, the court will, therefore, strike the Answer and enter default against such corporate defendant in accordance with Rule 55(a). In turn, plaintiffs shall move before or at the time of the final pretrial conference for entry of default judgment supported by an affidavit as to their damages. If plaintiffs no longer wish to pursue such defendant, they may file a Rule 41(a)(1) dismissal inasmuch as all other defendants who have answered have been dismissed and Americahomekey's Answer has been stricken.

Second, review of the pleadings reveals that plaintiffs obtained service over defendant Lane Terrell, who appears to also be CEO of Americahomekey. See Affidavit of Service (#40). Despite such service more than a year ago, Defendant Terrell never answered and plaintiffs never moved for entry of default under Rule 55(a). Plaintiffs shall move before or at the time of the final pretrial conference for entry of default judgment supported by an affidavit as to their damages. If plaintiffs no longer wish to pursue such defendant, they may file a Rule 41(a)(1) dismissal inasmuch as all other defendants who have answered have been dismissed and Americahomekey's Answer has been stricken.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) plaintiffs' Motion to Dismiss Defendant Kimberly Abbott and Patti Pate-Schnure (#67) is **GRANTED**, and all claims assert by plaintiffs against such defendants are **DISMISSED WITH PREJUDICE;**

(2) the Answer (#13) of Americahomekey, Inc., is **STRICKEN** for failure to appear through counsel, and **DEFAULT** is entered against such defendant. Plaintiffs shall move before or at the time of the final pretrial conference for entry of default judgment supported by an affidavit as to their damages. If plaintiffs no longer wish to pursue such defendant, they may file

a Rule 41(a)(1) dismissal inasmuch as all other defendants who have answered have been dismissed and Americahomekey's Answer has been stricken; and

    (2)    **DEFAULT** is entered against Defendant Terrell. Plaintiffs shall move before or at the time of the final pretrial conference for entry of default judgment supported by an affidavit as to their damages. If plaintiffs no longer wish to pursue such defendant, they may file a Rule 41(a)(1) dismissal inasmuch as all other defendants who have answered have been dismissed and Americahomekey's Answer has been stricken.

Signed: March 25, 2013

Max O. Cogburn Jr.
United States District Judge